## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THOMAS MITCHELL,

      Plaintiff,

v.                                Case No: 8:25-cv-3219-CEH-AEP

SEAN T. PADDOCK and J.E. DUNN
CONSTRUCTION COMPANY,

      Defendants.

_____

## <u>ORDER</u>

This cause is before the Court on the Court's Order to Show Cause (Doc. 11) and Defendants' Response to Order to Show Cause (Doc. 13). On December 2, 2025, the Court directed Defendants Sean T. Paddock and J.E. Dunn Construction Company to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction due to the insufficiency of the allegations related to the parties' citizenship and the amount in controversy. Doc. 11. In response, Defendants provide more detailed allegations regarding their own citizenship and in support submit Sean T. Paddock's affidavit and J.E. Dunn's 2025 annual report. As to the amount in controversy, Defendants submit a demand letter from Plaintiff. The Court finds that Defendants still fail to properly allege all parties' citizenships and an amount in controversy exceeding $75,000. Accordingly, the Court will remand this action to the Sixth Judicial Circuit in and for Pinellas County.

## I.    BACKGROUND

On October 28, 2025, Plaintiff filed a complaint against Defendants in the Sixth Judicial Circuit in and for Pinellas County alleging claims of negligence and vicarious liability. Doc. 1-1. On November 21, 2025, Defendants filed their Notice of Removal requesting that the case be removed to this Court. Doc. 1. In their Notice of Removal, Defendants allege that the parties are diverse because Plaintiff is a resident of Florida, Defendant J.E. Dunn is a Missouri corporation, and Defendant Mitchell is a New York resident residing in Texas. Doc. 1 ¶¶ 14-17. As for the amount in controversy, Defendants state that Plaintiff produced copies of demand letters, which show an amount in controversy in excess of $75,000. *Id.* ¶¶ 22-23. On December 2, 2025, the Court issued an Order to Show Cause because the Court was unable to determine whether it may exercise subject-matter jurisdiction due to the insufficiency of the allegations related to the parties' citizenship and the amount in controversy. Doc. 11.

On December 16, 2025, Defendants filed their Response to Order to Show Cause. Doc. 13. In response, Defendants provide more detailed allegations regarding their own citizenship and in support submit an affidavit from Defendant Sean T. Paddock and a J.E. Dunn 2025 annual report. Docs. 13-1; 13-2. As to the amount in controversy, Defendants submit a demand letter from Plaintiff. Doc. 13-3.

## II.    LEGAL STANDARD

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a

federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed

action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

It is a removing defendant's burden, as the party who invoked the court's federal jurisdiction by removing the action, to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). However, the court may not speculate as to the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010).

Procedurally, removal is governed by 28 U.S.C. § 1446, which requires that the notice of removal be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," then a notice of removal may be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Where this latter method of removal is employed in a diversity case, then the case may not be removed "more than 1 year after

4

commencement of the action," unless the plaintiff acted in bad faith to prevent removal. *Id*. § 1446(c)(1).

## III. DISCUSSION

As to the diversity of citizenship, the Court informed Defendants in its Order to Show Cause that they failed to establish that the parties are diverse. The Court informed Defendants that they failed to properly allege the citizenships of Defendant Paddock, Defendant J.E. Dunn, and Plaintiff.

In their Response, Defendants provide more detailed allegations regarding their own citizenship. Doc. 13. Specifically, Defendants state that J.E. Dunn is a corporation incorporated in Missouri with its principal place of business in Missouri and is therefore a citizen of Missouri. *Id.* ¶ 2. Defendants submit J.E. Dunn's 2025 annual report in support. Doc. 13-1. Additionally, Defendants state that Paddock is domiciled in New York and thus a citizen of New York. Doc. 1 ¶ 3. Defendants submit Paddock's affidavit in support. Doc. 13-2.

Defendants, however, fail to properly allege the citizenship of Plaintiff. As a preliminary matter, residency and citizenship are not the same. The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367. A natural individual is a citizen of the state in which he or she is domiciled. *Plevin v. U.S. Bank Nat'l Ass'n for Fla. Mortg. Resolution Tr., Series 2014-4*, No. 6:15-cv-412, 2015 WL 12859413, at *1 (M.D. Fla. May 13, 2015) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "A person's domicile is the place of his true, fixed and

permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257 (internal quotations and alterations omitted). "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011).

In their Notice of Removal, Defendants state Plaintiff is a resident of Florida and therefore a citizen of Florida for purposes of diversity jurisdiction. Doc. 1 ¶¶ 14-15. In its Order to Show Cause, the Court informed Defendants that they have not established that Florida is Plaintiff's domicile, nor provided evidence from which the Court can infer his intent to remain in Florida. Doc. 11 at 3. Defendants do not address Plaintiff's citizenship in their Response. Thus, Defendants have failed to properly allege diversity of citizenship.

As to the amount in controversy, Defendants, in their Response, provide a demand letter from Plaintiff that posits a settlement value at $5,000,000. Doc. 13-3 at 5-6. In the letter, Plaintiff seeks $1,088,868.00 in damages for future pain and suffering, $36,720.00 for past pain and suffering, and past medical expenses to date in the amount of $49,764.89. *Id.* at 4-5. Defendants argue that the demand letter puts the amount in controversy in excess of $75,000. Doc. 13 ¶ 12.

A settlement offer may be some evidence of the amount in controversy. However, the persuasiveness of a settlement demand in establishing the amount in controversy varies based on the amount of detail contained in it to support the amount. Additionally, "'[s]ettlement offers commonly reflect puffing and posturing,' especially

where they lack 'specific information to support the plaintiff's claim for damages.'" *Seoanes v. Capital One Bank (USA) N.A.*, No. 6:13-cv-1568, 2013 WL 6283651, at *2 (M.D. Fla. Dec. 4 2013) (quoting *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010)).

While the Court may not speculate or guess as to the amount in controversy, it may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and it may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Kilmer v. Stryker Corp.*, No. 5:14-CV-456, 2014 WL 5454385, at *2 (M.D. Fla. Oct. 27, 2014) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). All doubts as to whether the jurisdictional amount in controversy is satisfied must be resolved in favor of remand. *Cowan v. Genesco, Inc.*, No. 3:14-CV-261, 2014 WL 3417656, at *2 (M.D. Fla. July 14, 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Upon review of the demand letter, the Court finds that Defendants have failed to carry their burden to establish the amount in controversy is satisfied to invoke this Court's jurisdiction. Plaintiff's demand for past medical expenses to date in the amount of $49,764.89 is supported by the medical bills in the letter. However, Plaintiff's demand of $1,125,588.00 for pain and suffering lacks support. The demand letter does include a calculation involving expected life expectancy, number of waking hours, and value of pain and suffering at $15 per hour. *See* Doc. 13-3 at 5. ("A fair and reasonable amount to compensate Thomas Mitchell for his pain, suffering, mental

7

anguish, and inconvenience since December 4, 2024, is $15.00 per hour for *every waking hour* he has spent suffering with pain caused by the injuries he sustained in this crash[.]"). However, the letter does not explain where this $15 per waking hour value of pain and suffering is derived. The demand letter does not provide "specific information to support the [] claim for" pain and suffering and thus does not offer a "reasonable assessment" of the value of Plaintiff's claim. *Seoanes*, 2013 WL 6283651, at *2.

Defendants argue that the future medical care outlined in the demand letter would put the amounts of future medical care beyond $75,000.00. Doc. 13 ¶ 7. However, Plaintiff's demand letter does not provide dollar figure estimates of the future medical care. *See Reynolds v. Busch Ent. Corp.*, No. 8:03-CV-288, 2003 WL 25569730, at *5 (M.D. Fla. June 18, 2003) ("[T]he demand letter merely makes broad statements concerning the types of injuries and treatments which may be required.").

Accordingly, it is hereby

 **ORDERED:**

1.      This case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida.

2.      The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

3.      The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 23, 2025

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties